## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN G. YANG AND CHRISTOPHER DAUBIERE, Individually, and on Behalf of All Others Similarly Situated, | )<br>)<br>)<br>) |
| Plaintiffs, | ) |
| | )   **Case No.  06 CV 14429 (GL)** |
| v. | ) |
| | )   **ECF CASE** |
| NEW YORK MORTGAGE COMPANY, LLC and NEW YORK MORTGAGE TRUST, INC. | )<br>)<br>) |
| | ) |
| Defendants. | |

## COMPLAINT

## JURISDICTION AND VENUE

1.  Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* and the New York Labor Articles 6 and 19 and the New York Codes Rules and Regulations §§138-2.1 *et seq* for unpaid overtime and other relief.  This action is brought as a nationwide collective action pursuant 29 U.S.C. §216(b) and as a state-wide class action under New York Civil Practice Law and Rules §§901 *et seq.* and F.R.C.P., Rule 23(b)(3).

2.  The Court has jurisdiction over the federal claims under 28 U.S.C. §1331 and 1367.

3.  The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

4.  Venue is appropriate under 28 U.S.C. §1391, because Defendant, New York Mortgage Company, LLC., ("NYMC") is a company headquartered at 1301 Avenue of the Americas, New York, New York 10019 and doing business in the State of New York,

including this County, and throughout the United States. Venue is also appropriate under 28 U.S.C. §1391 because Defendant, New York Mortgage Trust, Inc, ("NYMT") is headquartered 1301 Avenue of the Americas, New York, New York 10019 and doing business in the State of New York, including this County, and throughout the United States.

5. Venue is also appropriate under 28 U.S.C. §1331(b)(2) because a substantial part of the events giving rise to these claims occurred in this County.

## PARTIES

6. Plaintiff Steven Yang is a resident of New York County, New York. Pursuant to 29. U.S.C. §16(b) of the FLSA, Plaintiff Yang's written consent to become a party plaintiff is attached hereto as Exhibit A.

7. Plaintiff Christopher Daubiere is a resident of New York County, New York. Pursuant to 29. U.S.C. §16(b) of the FLSA, Plaintiff Daubiere's written consent to become a party plaintiff is attached hereto as Exhibit B.

8. Plaintiffs bring this action on behalf of themselves and other past and present similarly situated employees pursuant to 29 U.S.C. §216(b) of the Fair Labor Standards Act ("FLSA") and on behalf of a state-wide class of plaintiffs under New York Civil Practice Law and Rules §§901 *et seq.* and F.R.C.P., Rule 23(b)(3).

9. Plaintiffs are the individuals named above, those who file consent forms with the Court, and those who meet the class definition, each of whom has been victimized by Defendants' unlawful compensation practices.

10. Defendants NYMC and NYMT are mortgage banks that operate and maintain offices in the State of New York and sell mortgages nationwide.

## GENERAL ALLEGATIONS

11. Plaintiffs, and all other similarly situated persons, are current and former  have loan officers and other similarly titled positions, employed by Defendants in the State of New York and nationwide (hereinafter collectively referred to as "Loan Officers").

12. All Loan Officers, including Plaintiffs Yang and Daubiere, employed by Defendants over the last six years had essentially the same job duties.

13. Plaintiff Steven Yang was hired by NYMC in November 2004 where he worked as a commissioned loan officer until April 2006.

14. Plaintiff Christopher Daubiere was hired by NYMC in May 2005 where he worked as a commissioned loan officer until May 2006.

15. Pursuant to Defendants' uniform company-wide policies and procedures, Plaintiffs Yang's primary job duty was to sell residential and commercial loans.

16. Pursuant to Defendants' uniform company-wide policies and procedures, Plaintiffs Daubiere's primary job duty was to sell residential and commercial loans.

17. Pursuant to Defendants' uniform company-wide policies and procedures, all of Defendants' Loan Officers  had the primary job duty of selling residential and commercial loans.

18. Defendants managed Plaintiffs' work, including the amount of overtime worked, in its offices.  The Defendants dictated, controlled and ratified the wage and hour and all related employee compensation policies of Defendants' offices.

19. All of Defendants' Loan Officers performed the same or similar job duties as Plaintiffs Yang and Daubiere.

20. This action is brought as a national collective class action under the FLSA to recover unpaid overtime compensation, unlawfully withheld wages, and damages owed to Plaintiffs and all other loan officers employed by, or formerly employed by Defendants, its subsidiaries and affiliated companies.

21. This action is also brought as a State of New York class action to recover unpaid overtime compensation, unlawfully withheld wages, and damages owed to Plaintiffs and all other loan officers employed by, or formerly employed by Defendants, its subsidiaries and affiliated companies.

22. Defendants did not pay Plaintiff Yang a salary.

23. Defendants did not pay Plaintiff Daubiere a salary.

24. Defendants employed other loan officers whom they did not pay a salary.

25. Defendants did not pay its Loan Officers a salary. Defendants paid its loan officers primarily fixed commissions, regardless of the hours they actually worked each week, pursuant to Defendants' uniform employment policies.

26. During the statutory period, Plaintiffs and other similarly situated employees routinely worked in excess of forty (40) hours per week without overtime compensation.

27. During the statutory period, Plaintiff Yang was required to work overtime in excess of forty (40) hours per week. Plaintiff Yang was not paid for this overtime worked.

28. During the statutory period, Plaintiff Daubiere was required to work overtime in excess of forty (40) hours per week. Plaintiff Daubiere was not paid for this overtime worked.

29. Defendants' other Loan Officers—who performed the same duties as Plaintiffs Yang and Daubiere—were required to work overtime in excess of forty (40) hours per week.  These Loan Officers were not paid for the overtime they worked.

30. Plaintiffs Yang and Daubiere were not required to record their time worked and Defendants failed to maintain accurate time records as required by the FLSA.

31. Defendants' other Loan Officers—who performed the same duties as Yang and Daubiere—were not required to record their time worked and Defendants failed to maintain accurate time records as required by the FLSA.

32. Upon information and belief, Defendants' wage and hour practices and policies are uniform and disseminated from Defendants' corporate headquarters.  The practices and policies apply to all Loan Officers and it is through these policies that Defendants impose their unlawful pay practices on Plaintiffs.

33. In accordance with Defendant's uniform company-wide employment policies, Plaintiffs Yang and Daubiere are inside salespeople who are and were paid primarily on a commission basis.

34. In accordance with Defendant's uniform company-wide employment policies, Defendants' other Loan Officers are inside salespeople who are and were paid primarily on a commission basis.

35. Plaintiffs Yang and Daubiere and Defendants' other Loan Officers are not administratively exempt because they do not meet the salary basis test and because their primary duty is the sale of residential and commercial loan products.

36. This practice of failing to pay these loan officers overtime violates the provisions of the Federal Fair Labor Standards Act, 29 U.S.C. §201 et seq., specifically § 207(a)(1).

As a result of this unlawful practice, Plaintiffs Yang and Daubiere and the Defendant's other Loan Officers suffered a loss of wages.

37. This practice also violates the provisions New York Labor Articles 6 and 19 and the New York Codes Rules and Regulations §§138-2.1 *et seq.*   As a result of this unlawful practice, Plaintiffs Yang and Daubiere and the Plaintiff class suffered a loss of wages.

38. Defendants intentionally, willfully and improperly failed to pay overtime wages and other benefits to Plaintiffs and other similarly situated loan officers during their employment in direct violation of the FLSA.

39. Defendants intentionally, willfully and improperly failed to pay overtime wages and other benefits to Plaintiffs and other similarly situated loan officers during their employment in direct violation of New York Labor Articles 6 and 19 and the New York Codes Rules and Regulations §§138-2.1 *et seq.*

40. Plaintiffs will immediately request the Court to authorize notice to all such persons informing them of this action and their right to "opt-in" to this lawsuit pursuant to FLSA 29 U.S.C. §216(b), for the purpose of seeking overtime compensation and damages under Federal law.

41. Plaintiffs will also request that the Court certify a class of New York loan officers pursuant to New York Civil Practice Law and Rules §§901 *et seq.* and F.R.C.P., Rule 23(b)(3) for the purpose of seeking overtime compensation  under New York Labor Articles 6 and 19 and the New York Codes Rules and Regulations §§138-2.1 *et seq.*

## COLLECTIVE ACTION ALLEGATIONS

42.  Plaintiffs repeat and re-allege the above paragraphs.

6

43. Plaintiffs bring the FLSA claims as a collective action pursuant to 29 U.S.C. §216(b).  Plaintiffs, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging Defendants' practice of failing to accurately record all hours worked and failing to pay Loan Officers for all overtime hours worked.

44. The class of employees on behalf of whom Plaintiffs bring this collective action are similarly situated because they have been or are employed in the same or similar positions as individually-named Plaintiffs and were subject to the same or similar unlawful practices as the individually-named Plaintiffs.

## COUNT I
## FAIR LABOR STANDARDS ACTION, 29 U.S.C.
## § 201 ET SEQ. UNPAID WAGES/OVERTIME

45. Plaintiffs repeat and re-allege the above paragraphs.

46. The Fair Labor Standards Act, 29 U.S.C. §207(a)(1), states that an employee must be paid overtime, equal to one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of 40 per week.  Plaintiffs regularly worked more than forty (40) hours per week, but were not paid overtime.

47. Plaintiff Yang was required to work overtime in excess of forty (40) hours per week.  Plaintiff Yang was not paid for this overtime worked.

48. Plaintiff Daubiere was required to work overtime in excess of forty (40) hours per week.  Plaintiff Daubiere was not paid for this overtime worked.

49. Defendants' other Loan Officers were required to work overtime in excess of forty (40) hours per week.  These Loan Officers were not paid for the overtime they worked.

50. Plaintiffs Yang and Daubiere were not exempt under the FLSA, because, *inter alia*, they were not paid on a salary basis, and Defendants' business does not qualify as a "retail or service establishment" under 29 U.S.C. section 207(i) and 29 C.F.R. sections 779.316 and 779.317.

51. Defendants other Loan Officers were not exempt under the FLSA, because, *inter alia*, they were not paid on a salary basis, and Defendants' business does not qualify as a "retail or service establishment" under 29 U.S.C. section 207(i) and 29 C.F.R. sections 779.316 and 779.317.

52. The foregoing actions of Defendants constitute violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* Defendants' actions were willful and not in good faith.

53. Defendants are liable to Plaintiffs for actual damages and equitable relief, pursuant to 29 U.S.C. §216(b).

## STATE-WIDE CLASS ALLEGATIONS

54. Named plaintiffs also seek to bring this lawsuit on behalf of themselves individually and on behalf of all others similarly situated (hereinafter referred to as Plaintiffs) subject to entry of an order certifying this cause as a class action pursuant to New York Civil Practice Law and Rules §§901 *et seq* and F.R.C.P., Rule 23(b)(3).

55. Section 901(a)(1-5) of the New York Civil Practice Law and Rules and F.R.C.P Rule 23(b)(3) provide that a cause of action may be maintained as a class action if:

    a.    The class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

    b.    There are questions of law or fact common to the class which predominate over any questions affecting only individual members;

c.      The claims or defenses of the representative parties are typical of the claims or defenses of the class;

d.      The representative parties will fairly and adequately protect the interests of the class; and,

e.      A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## Class Definition

57.  Plaintiffs seek certification of the following class:

a.      "All individuals who were employed by one or more of the Defendants, its subsidiaries or affiliated companies, as commissioned loan officers in the state of New York at any time during the relevant statute of limitations period who worked more than 40 hours in a week, but did not receive overtime pay."

## Numerosity

58.  The Plaintiffs satisfy the numerosity standards. There is no question that this lawsuit encompasses hundreds or thousands of potential claimants.  The proposed class can be identified and located using Defendants' payroll and personnel records. Therefore, the Class is so numerous that the joinder of all members is impracticable. Class members may be informed of the pendency of this Class Action by direct mail based upon and/or published and broadcast notice.

## Common Questions of Fact or Law

59. There are questions of fact and law common to the class that predominate over any questions affecting only individual members.  The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

a.      Whether the class members qualify for exempt status;

b.      Whether Defendants' business qualifies as a retail or service establishment;

c.      Whether the Defendants conducted an analysis of class members'
compensation before failing to pay them overtime;

d.      Whether the Defendants conducted an analysis of class members' duties
and tasks before failing to pay them overtime;

e.      Whether loan officers were uniformly classified as exempt;

f.      Whether Defendants failed to pay Plaintiff and class members all overtime
compensation due to them;

g.      Whether Plaintiffs are expected and/or required to work in excess of 40
hours per week;

h.      Whether Plaintiffs worked in excess of 40 hours per week;

i.      Whether Defendants kept accurate records of actual loan officer time
worked;

j.      Whether Defendant required Plaintiffs to falsify their own time records by
recording only forty (40) hours per week even though they regularly
worked in excess of forty (40) hours per week to avoid paying them
overtime wages and other benefits;

k.      Whether Defendants' practice violates the overtime provisions of the New
York Labor Articles;

l.      Whether the Defendants' failure to pay overtime was willful; and,

m.      Whether Plaintiffs and the class have suffered damages and the proper
measure of those damages.

60.    The questions set forth above predominate over any questions affecting only
individual persons, and a class action is superior with respect to considerations of
consistency, economy, efficiency, fairness and equity, to other available methods for the
fair and efficient adjudication of the controversy.

**Typicality**

61.    Plaintiffs' claims are typical of the claims of the class members.    Named
plaintiff suffered similar injuries as those suffered by other class members as a result of

Defendants' failure to pay overtime. Defendants' policies with respect to the hours worked, loan officer compensation and deductions made are and were uniform throughout New York and its offices were operated under uniform written procedures.

### Adequacy

62. The named Plaintiffs are adequate representatives of the class because they are members of the class and their interests do not conflict with the interests of the members of the class they seeks to represent. The interests of the class members will be fairly and adequately protected by the named Plaintiffs and their undersigned counsel. Plaintiffs have hired competent attorneys who are experienced in class action litigation of this type and who are committed to prosecuting this action.

### Superiority

63. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests.

### COUNT II
### NEW YORK LABOR ARTICLES 6 and 19 and NYCRR

## §§138-2.1 *et seq.* UNPAID WAGES/OVERTIME

64.   Plaintiffs repeat and re-allege the above paragraphs.

65.   New York law provides that an employee must be paid overtime, equal to 1.5 times the employee's regular rate of pay for all hours worked in excess of 40 per week and in the manner and methods provided by the FLSA. New York Codes, Rules and Regulations, 12 NYCRR§142-2.2.  Plaintiffs regularly worked more than forty (40) hours per week during their employment, but were not paid overtime.

66.   Plaintiff Yang was required to work overtime in excess of forty (40) hours per week.  Plaintiff Yang was not paid for this overtime worked.

67.   Plaintiff Daubiere was required to work overtime in excess of forty (40) hours per week.  Plaintiff Daubiere was not paid for this overtime worked.

68.   Defendants' other Loan Officers were required to work overtime in excess of forty (40) hours per week.  There Loan Officers were not paid for the overtime they worked.

69.   Plaintiffs Yang and Daubiere are not exempt under New York law or the FLSA, because, *inter alia*, they are not paid on a salary basis, and Defendants' business does not qualify for any exemptions.

70.   Defendants' other Loan Officers are not exempt under New York law or the FLSA, because, *inter alia*, they are not paid on a salary basis, and Defendants' business does not qualify for any exemptions.

71.   Loan officers compensated primarily on a commission basis are not otherwise exempt from the requirement of overtime premium pay.

72.     Because twenty-five precent (25%) of the revenue of the Defendants' business comes from locations outside New York State, Defendants' companies are not retail businesses as that term is construed by the applicable regulations.

73.     Plaintiffs Yang and Daubiere do not meet any of the other exemptions from overtime such as the administrative exemption. They are not administratively exempt because they are production workers and their primary duty does not consist of the "performance of office or non-manual field work directly related to management policies or general operations of such individual's employer", as required by 12 NYCRR § 142-2.14

74.     Defendants' other Loan Officers do not meet any of the other exemptions from overtime such as the administrative exemption. Their Loan Officers are not administratively exempt because they are production workers and their primary duty does not consist of the "performance of office or non-manual field work directly related to management policies or general operations of such individual's employer", as required by 12 NYCRR § 142-2.14.

75.     The Defendants' commissioned loan officers fail to meet the salary basis test for the administrative exemption.

76.     Upon information and belief, Plaintiffs Yang and Daubiere are subject to pay deductions by the Defendants and such deductions defeat any claim to exemption.

77.     Upon information and belief, Defendants' Loan Officers are subject to pay deductions by the Defendants and such deductions defeat any claim to exemption

78.     The foregoing actions of Defendants constitute violations of New York Codes, Rules and Regulations.  Defendants' actions were willful and not in good faith.

79.     Defendants are liable to Plaintiffs for actual damages, equitable relief, recovery of attorneys' fees and cost, and prejudgment interest as provided by law, pursuant to Section 901(a)(1-5) of the New York Civil Practice Law and Rules and F.R.C.P., Rule 23(b)(3).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, STEVEN YANG AND CHRISTOPHER DAUBIERE, individually and on behalf of all others similarly situated, by and through their attorneys demand judgment against the Defendants and in favor of the Plaintiffs and all others similarly situated, for a sum that will properly, adequately and completely compensate Plaintiffs for the nature, extent and duration of their damages, the costs of this action and as follows:

A.      Order the Defendants to file with this Court and furnish to counsel a list of all names and addresses of all Loan Officers employed by Defendants from across the United States who currently work or have worked for Defendants within the last three years;

B.      Authorize Plaintiffs' counsel to issue notice at the earliest possible time to all current and former loan officers employed by the Defendants during the applicable statutory period, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked hours in excess of forty hours in a week during the liability period, but were not paid overtime as required by the FLSA;

C.      Certify a class of individuals who were employed by Defendants as Loan Officers in the state of New York at any time during the relevant statute of limitations period who were paid on a commission only basis and during the relevant period worked more than 40 hours in a week, but did not receive overtime pay;

D.      Declare and find that the Defendants committed one or more of the following acts:

       i.  Violated overtime provisions of the FLSA by failing to pay overtime wages to Plaintiffs and similarly situated persons who opt-in to this action;

      ii.  Willfully violated overtime provisions of the FLSA;

    iii.  Violated overtime provisions of the New York Labor Articles by failing to pay overtime wages to Plaintiffs; and,

    iv.  Willfully violated overtime provisions of the New York Labor Articles.

E.    Award compensatory damages, including all overtime pay owed, in an amount according to proof;

F.    Award interest on all overtime compensation due accruing from the date such amounts were due;

G.    All costs and attorney's fees incurred prosecuting this claim;

H.    No penalties (statutory or otherwise), liquidated damages or punitive damages of any kind under New York Law are sought in this action and are expressly waived;

I.    Leave to amend to add claims under applicable state and federal laws;

J.    Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

K.    For such further relief as the Court deems just and equitable.


Dated: December 13, 2006         Respectfully Submitted,

                           /s/ Erik H. Langeland_____
                           Erik H. Langeland (EL-7512)
                           Erik H. Langeland, P.C.
                           500 Fifth Avenue, Suite 1610
                           New York, NY 10110
                           (212) 354-6270
                           (212) 898-9086 (Fax)
                           Erik.h.langeland@rcn.com