UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
STEVEN G. YANG and CHRISTOPHER :
DAUBIERE, Individually, and on behalf of :
All Others Similarly Situated, :
:
                    Plaintiffs, :
:    06 Civ. 14429 (GEL)
-v.- :
:    **ORDER**
NEW YORK MORTGAGE COMPANY, LLC., :
and NEW YORK MORTGAGE TRUST, INC., :
:
                    Defendants. :
:
------------------------------------------------------------x



GERARD E. LYNCH, District Judge:

       Plaintiffs Steven Yang and Christopher Daubiere, suing on behalf of themselves and all others similarly situated, have brought this action, alleging that defendants New York Mortgage Co., LLC, and New York Mortgage Trust (collectively, "NYM") failed to pay a class of individuals overtime premium wages for work performed beyond 40 hours in a workweek. Although defendants deny plaintiffs' allegations, the parties have agreed to settle the case. Before the Court is plaintiffs' motion, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for final approval of the settlement agreement. For the reasons set forth below, as amplified on the record in open court this day, the motion is granted and the settlement is approved. Plaintiffs' counsel has also sought an award of attorneys' fees. Action on that motion is deferred pending the submission of additional documentation.

       Plaintiffs filed their class action complaint on December 13, 2006. On June 2, 2008, the Court preliminarily approved a proposed settlement and ordered that notice be given to putative class members. Notice was sent to 687 individuals, with 207 submitting timely verification

forms. Twenty-two additional individuals submitted their verification forms late but seek leave to join this settlement; as each of these forms was received within a short period after the deadline, and acceptance of the claims is in the interests of justice, that request is granted. On September 8, 2008, plaintiffs moved the Court to: (1) certify the settlement class; (2) grant final approval of a class action settlement; and (3) award attorneys' fees to class counsel. No class member has objected to the settlement.

## DISCUSSION

### I. Class Certification

The proposed "Settlement Class" consists of "individuals employed by NYM as loan officers in its offices in the places and during the periods set forth below:

| | |
|---|---|
| New York, Vermont, or Maine | December 13, 2000, to March 31, 2007 |
| Kentucky | October 11, 2002, to March 31, 2007 |
| All other locations | October 11, 2004, to March 31, 2007. |

In order for the class to be certified, plaintiffs must satisfy the four Rule 23(a) requirements of numerosity, commonality, typicality, and adequacy of representation, and must also show that the action is maintainable under Rule 23(b)(1), (2), or (3). Amchem Products, Inc. v. Windsor, 521 U.S. 591, 613-14 (1997).

The numerosity requirement is satisfied in this case since joinder of all members is impracticable. Robidoux v. Celani, 987 F.2d 931, 935 (2d Cir. 1993). The putative class consists of 687 people and is, therefore, large enough to satisfy this criterion. Consol. Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 2003) (presuming that 40 members meets test for numerosity). Moreover, the value of the individual claims is small enough that it is unlikely that this case would be brought by the individual class members since the individual recovery

would be minor when compared to the expense of the litigation.

The commonality requirement is satisfied since there are questions of law or fact that are common to the class, Fed. R. Civ. P. 23(a)(2), and "the injuries derive from a unitary course of conduct by a single system." Marisol A. v. Giuliani, 126 F.3d 372, 377 (2d Cir. 1997). All of the claims of the proposed class arise from the same compensation policy allegedly maintained by defendants.

The typicality requirement is satisfied since the named plaintiffs' claims and those of the putative class all arise from the defendants' alleged failure to pay them overtime compensation in violation of state and federal law. Thus, the claims of the class representatives are typical of those of the class. Robinson v. Metro-North Commuter R.R. Co., 267 F.3d 147, 155 (2d Cir. 2001). Each of the putative class members, moreover, would make the same legal arguments and would present virtually identical facts in support of their case as their claims arise from the same compensation policy. Id.

Finally, the adequacy requirement is satisfied because the representative parties will fairly and adequately protect the interests of the class, and class counsel are qualified, experienced, and generally able to conduct the litigation. Fed. R. Civ. P. 23(a)(4); In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992). Class counsel has substantial experience prosecuting class action cases involving wage and hour claims, and there is no conflict of interest between the named plaintiffs and other members of the plaintiff class. Marisol A., 126 F.3d at 378. The interests of the named plaintiffs sufficiently align with the interests of the putative class to ensure that the putative class's interests are protected.

Thus, the proposed settlement class satisfies the requirements of Rule 23(a).

The class action is maintainable under Rule 23(b)(3), which requires that "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members," and that a class action is "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

The predominance requirement is satisfied because, as discussed above, all of the claims of the proposed class arise from the same compensation policy allegedly maintained by defendants. The disposition of common issues – whether defendants misclassified their loan officers and had a policy requiring or permitting employees to work more than forty hours per week without overtime compensation – will resolve virtually the entire case. The only individual issues will be differences in damages, which do not significantly undermine the predominance of common issues. Cohen v. Uniroyal, Inc., 77 F.R.D. 685, 690-91 (D. Pa. 1977).

The superiority requirement is satisfied because individual suits would be prohibitively costly relative to the value of the claims and impractically expensive given the potential plaintiffs' limited economic means. Moreover, individual suits would be a waste of judicial resources because common issues predominate over individual ones.

## II. The Proposed Settlement

Under Fed. R. Civ. P. 23(e), the Court must approve any settlement before it can be executed. Courts review proposed settlements in light of the strong judicial and public policies that favor extrajudicial resolution of cases. In re Ivan F. Boesky Secs. Litig., 948 F.2d 1358, 1368 (2d Cir. 1991); In re Michael Milken & Assocs. Secs. Litig., 150 F.R.D. 46, 53 (S.D.N.Y. 1993). Before such a settlement may be approved, the Court must determine that a class action settlement is fair, adequate, reasonable, and not a product of collusion. Joel A. v. Giuliani, 219

4

F.3d 132, 138 (2d Cir. 2000). Courts assessing procedural fairness consider "whether the negotiations were a result of 'arm's length negotiations' and whether plaintiffs' counsel possessed the experience and ability to represent effectively the class's interests." D'Amato v. Deutsche Bank, 236 F.3d 78, 85 (2d Cir. 2001). The Court evaluates the following nine factors to determine if a settlement is substantively sound: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. City of Detroit v. Grinnel Corp., 495 F.2d 448, 463 (2d Cir. 1974); Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 117 (2d Cir. 2005).

Applying these standards, for the reasons set forth on the record in open court, the Court has determined that the proposed settlement is both procedurally and substantively fair.

### III. Attorneys' Fees

Class counsel seeks an award of 25% of the settlement fund. As stated by the Court at greater length in its oral ruling, a percentage recovery is an appropriate method of awarding a fee in this case, see, e.g., In re Global Crossing Securities and ERISA Litigation, 225 F.R.D. 436, 466 (S.D.N.Y. 2004), and an award of 25% of the fund is not prima facie excessive.

However, for reasons also stated on the record, the Court believes it appropriate to consider the effort actually expended by counsel, by applying a "lodestar cross-check." Id. at

5

468; see also Goldberger v. Integrated Resources, 209 F.3d 43, 50 (2d Cir. 2000) ("encourag[ing] the practice of requiring documentation of hours as a 'cross check' on the reasonableness of the requested percentage"). Counsel here has not submitted documentation of hours worked or reasonable hourly fees. Accordingly, action on the motion for attorneys' fees is deferred pending submission of such documentation. Counsel is directed to submit such documentation on or before October 17, 2009.

## CONCLUSION

Accordingly, for the reasons set forth herein and elaborated on the record in open court, it is hereby ordered that:

1. The motion to certify a settlement class is granted.

2. The motion for approval of the settlement is granted.

3. Decision on the motion for an award of attorneys' fees is deferred pending submission of additional documentation by class counsel.

4. As all open issues other than the award of attorneys' fees have been resolved, the Clerk is respectfully directed to mark the case closed.

SO ORDERED.

Dated: New York, New York
September 18, 2008

GERARD E. LYNCH
United States District Judge